IN THE MATTER OF WILLIAM H. FLANDROW.

*Attachment — service of, upon the personal representatives of a deceased judgment debtor — it cannot be served upon a person named in a will as executor, while its probate is being contested.*

In December, 1867, one Martin Van Brunt died, leaving a will, by which he appointed his widow, Mary, his executrix. A contest having arisen as to the validity of the will, one Schell was, on December 1, 1868, appointed special administrator of the estate by the surrogate, and continued to act as such down to the time of this appeal. At the time of Van Brunt's death a judgment had been recovered against him by the Marine Bank of Chicago. After Van Brunt's death, and in April, 1869, it was sought, in an action brought by one Hammond against the Marine Bank of Chicago, to attach the judgment recovered by it against Van Brunt, by serving a copy of the attachment upon his widow, Mary, the executrix named in his will.

*Held*, that she did not, under the circumstances of the case, represent the judgment debtor, and that the service of the notice of the attachment upon her was entirely without effect.

APPEAL from an order or decree of the surrogate of the county of New York, denying an application made by the petitioner for payment of a judgment claimed to have been transferred to him.

*Joseph H. Choate*, for William H. Flandrow the appellant.

*G. Zabriskie*, for Edward Schell, special administrator of the estate of Tunis Van Brunt, deceased, the respondent.

DANIELS, J.:

The petitioner, Flandrow, derived his title to the judgment under an attachment issued in an action brought by Henry W. Hammond against the Marine Bank of Chicago. Previous to that time the judgment had been recovered by the bank, which the petitioner applied to have paid out of the estate of the judgment debtor, Tunis Van Brunt, by the special administrator having the estate in charge. To establish his title it was shown that the attachment had been served by delivering a copy of it, together with a notice stating the attachment of the judgment, to the attorney who had commenced and prosecuted the suit in which the judgment was recovered. In a preceding proceeding of the same nature as that which terminated in the order from which the appeal has been taken, it was held that this service upon the attorney did not operate as an attachment of the judgment, and this point was finally decided against the petitioner by the Court of Appeals. After that decision was made, an affidavit was obtained to the effect that on or about the 6th day of April, 1869, the person making it delivered a certified copy of the attachment, with a notice showing the property levied upon, to Mary T. Van Brunt, as executrix of the last will and testament of Tunis Van Brunt, the judgment debtor. And it is practically on the basis of this affidavit that the present application was made to the surrogate for an order directing the payment of the judgment. It is not clear that the statement of service made in this affidavit is entitled to reliance, for by that which was made as a return to the attachment, the only attachment of the judgment alleged to have taken place was by the service of a copy of the attachment, with a notice showing the property levied on, upon the attorney by whom the judgment had been entered, which service of the attachment was made by a different person and at a

different period of time, while the affidavit now relied upon was not made until about twelve years after the service mentioned in it, which is stated to have been made on or about the 6th of April, 1869. The omission to obtain this affidavit, and to make it a part of the proceedings first instituted, the fact that it was not obtained until an adverse decision had been made against the applicant, and the great lapse of time between that of the alleged service and the 22d of April, 1881, when the affidavit was sworn to, tend to subject it to a serious degree of suspicion. And this is materially strengthened by the circumstance that in 1874 the person upon whom the service is stated to have been made positively swore that no such service had ever been made upon her.

But if the affidavit stating the fact of service should be relied upon as true, then the point is presented whether such a service of the attachment was a seizure of the judgment recovered by the Marine Bank of Chicago against Van Brunt. He died in December, 1867, and the right of his widow, who was named as executrix in his will, as well as the validity of the will itself, were contested, and in consequence of that contest on the 1st of December, 1868, Edward Schell was appointed by the surrogate of the county of New York special administrator of the estate of the judgment-debtor. And as the contest concerning the will still continues he has acted as such special administrator from that time down to the present. No attempt whatever was made to serve the attachment upon him. And after the decision made by the Court of Appeals an application was there presented for a reargument of the appeal, because it was then claimed in the affidavit of the petitioner that the attachment had been served upon Mary T. Van Brunt, the only person known to represent the estate. That motion was denied, and it might perhaps be inferred from this denial that the court did not regard such a service to be that which the law required to make a lawful seizure under an attachment of a demand or debt of the nature of the one in controversy. But if that view was not adopted in arriving at the denial of the motion for the reargument, it seems to be warranted by the provisions of the law as they were in force at the time when this service of the attachment is stated to have taken place. For while the rights or shares which the defendant might have in the stock of an association or

## 282      MATTER OF FLANDROW.

corporation, together with the interest and profits thereon, and all his other property in the State was made liable to attachment, the mode prescribed for its seizure, when it was not capable of manual delivery, was by leaving a certified copy of the warrant of attachment, with a notice showing the property levied upon, with the president or other head of the association or corporation, or the secretary, cashier or managing agent thereof, in which such rights or shares existed, or upon the debtor or individual holding such property. (Code of Procedure, §§ 234, 235.)

This attachment could not be served upon the debtor in the judgment, because he had departed this life before it was issued, and the person named in his will as executrix never became authorized to act as such because of the contest relating to the will. The utmost extent of her authority never exceeded that of the right to pay the funeral charges and to interfere with the estate so far as such interference might be necessary for its preservation. (3 R. S. [6th ed.], 74, § 17.)

And this excluded the power to represent him in any respect as to debts owing by him at the time of his decease. She consequently never became the personal representative of the debtor in the judgment or the individual holding the judgment itself. And the authorities referred to, sustaining the right of an executor to act in certain respects, although letters testamentary were not issued, have no application to this controversy, for in the present case it never has been made to appear that the will itself was legally executed by the person named in it as the testator. The prohibition contained in the section of the statute just referred to is exceedingly broad in its effect and it deprives a person named as executor in a will, before letters testamentary are granted, from so acting as to become the representative of the deceased person.

In the present case the very limited authority allowed to be exercised by an executor before the issuing of letters testamentary also appears to have been wholly suspended before the issuing of the attachment. That was done by the special letters of administration authorizing the preservation and collection of the goods of the deceased, issued to Edward Schell, as special administrator, for the statute then invested him, and him alone, with the authority to collect the goods, chattels, personal estate and debts of the deceased,

and to secure the same, and for that purpose to maintain suits as an administrator. And that power was by the statute in terms prolonged until letters testamentary or of administration shall be issued upon the estate. (2 R. S. [6th ed.], 79, §§ 41, 42; Id., 81, § 54.)

Even these provisions, which for the present purposes were not materially extended by chapter 71 of the Laws of 1864, did not authorize the special administrator as far to represent the estate as to permit him to make payment of debts. That authority was first given to him by section 10 of chapter 359 of the Laws of 1870. But the powers previously conferred upon him were ample for the purpose of placing him in the possession of the entire personal estate of the deceased party. To that extent, for the time being, he became the personal representative, and while this authority was vested in him, the person named in the will as the executrix could by no possibility in any manner interfere with this estate, for his authority, by the terms in which it was created and declared, was necessarily exclusive. In no manner certainly did she represent the debtor in the judgment or hold the judgment itself, and the service of the attachment upon her must be held to have been entirely without effect.

But if that service had been regular, the applicant does not appear to have been entitled to an order directing the payment of this debt, for it is only when satisfactory proof may be made that the debts owing by the deceased do not in the aggregate exceed the amount of the assets of his estate that the surrogate has been authorized, in a proceeding of this nature, to direct payment to be made by the special administrator. (Chap. 359, Laws 1870, § 10; Code Civ. Pro., § 2674.)

And the affidavit made by the special administrator in answer to the application stated that debts and claims had been presented to him which, with interest, amounted to a greater sum than $178,000, while the balance of assets realized and collected was less than $27,000.

Each of these objections presented a complete answer to the petitioner's application, and the order made by the surrogate, by which it was denied, should be affirmed, with costs.

Davis, P. J., and Brady, J., concurred.

Order affirmed, with costs.